# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### NO. 3:17-cv-394-GCM

| | |
|---|---|
| **WILLIAM WRENWICK,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **CRAIG COOK,** *HR Manager*, **and** | |
| **BERRY PLASTICS GLOBAL GROUP, INC.,** *a.k.a.* **A.E.P. INDUSTRIES, INC.,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on the Motion to Dismiss (Doc. No. 4) filed jointly by Defendant Craig Cook and Defendant Berry Plastics Global Group, Inc. Plaintiff William Wrenwick, acting *pro se*, has responded. The matter is now ripe for decision. For the reasons set forth below, Defendants' Motion is granted in part and denied in part as moot.

## I. BACKGROUND

Plaintiff William Wrenwick ("Wrenwick") was employed as a truck driver by Defendant Berry Plastics/ AEP Industrial ("Berry"). Wrenwick was terminated on March 9, 2017, after a conversation with Defendant Craig Cook ("Cook"), an HR Manager for Berry.

Wrenwick filed a Charge of Discrimination with the EEOC on April 19, 2017, alleging that he was fired out of retaliation in violation of Title VII of the Civil Rights Act of 1964. The EEOC issued a Dismissal and Notice of Rights to Wrenwick on April 21, 2017.

1

Wrenwick subsequently brought this action against Cook and Berry, alleging that he was terminated from his position because of discrimination for his religious beliefs. Wrenwick, acting *pro se*, served both Defendants by certified mail at the same address in Matthews, North Carolina.

Defendants Cook and Berry collectively filed this Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006).

When faced with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court "assume[s] the[] veracity" of these factual allegations, and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th

Cir. 2000). Thus, to survive a motion to dismiss, the plaintiff must include within his complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

### A. Service of Process

Defendant Berry argues that Wrenwick's summons and service of process upon it was deficient in two ways. First, Berry argues that Wrenwick failed to address the summons to the correct legal entity, which is named "Berry Global Films, LLC." Second, Berry claims that Wrenwick failed to identify an agent or officer that is qualified to accept service on behalf of Berry in his summons and accordingly did not effectuate service upon an authorized agent or officer.

Under Rule 4(a) of the Federal Rules of Civil Procedure, a summons must name the proper parties and must be directed to the defendant. Further, under Rule 4(h), service on a corporation requires a plaintiff to either follow the procedures of the applicable state law or to deliver a copy of the summons and the complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Because Wrenwick provided the incorrect name for Berry on the summons and failed to effectuate service on an authorized agent or office, Wrenwick's summons and service were inadequate.

However, a court may permit a summons and a complaint to be amended when justice requires. Fed. R. Civ. P. 4(a)(2); Fed. R. Civ. P. 15(a)(2). It appears to the Court that Berry changed its name last spring, shortly after Wrenwick's termination. Thus, Wrenwick's failure to provide the correct name in his complaint and summons is a reasonable mistake. Further, *pro se* litigants attempting to effectuate service of process are entitled to more latitude than litigants

3

represented by counsel, especially when a defendant receives actual notice of the service. *Gulley v. Rex Hosp., Inc.*, No. 5:14-cv-127-F, 2014 WL, 4537185, at *2 (E.D.N.C. Sep. 11, 2014); *Ransom v. Nationstar Mortg. LLC*, No. GJH-15-1647, 2016 WL 1064454, at *3 (D. Md. Mar. 14, 2016). Thus, the Court will deny Berry's Motion to dismiss for improper service at this time. However, because the correct procedure for effectuating service must be followed, the Court will grant Berry's alternative request for the improper service to be quashed and for Wrenwick to be directed to properly serve Berry.

## B. Failure to State a Claim

Both Berry and Cook seek dismissal for failure to state a claim pursuant to Rule 12(b)(6). However, because this Court cannot exercise personal jurisdiction over Berry until proper service has been effectuated, the Motion to Dismiss with respect to Berry is denied as moot. The Court will only consider the arguments with respect to Defendant Cook.

It is settled that there is no liability for individual employees of corporate entities for violations of Title VII. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998). This includes individuals acting in a supervisory capacity. *Id.* Defendant Cook is a Human Resources Manager for Berry, and thus cannot qualify as an employer subject to liability under Title VII.

Accordingly, Defendant Cook must be dismissed from this action.

## IV. CONCLUSION

For the foregoing reasons, the Court orders the following:

(1) Service on Defendant Berry is hereby **QUASHED**. Plaintiff will be given twenty-one (21) days to amend his Complaint and file a new summons to reflect the correct legal name of Defendant Berry. Plaintiff shall thereafter serve Defendant Berry in the manner

4

prescribed by Rule 4(h) of the Federal Rules of Civil Procedure.  Plaintiff may use the website of the North Carolina Secretary of State to identify proper officers or agents and addresses for service;

(2) Defendant Berry's Motion to Dismiss for lack of sufficient service and for failure to state a claim is **DENIED**, without prejudice, as moot; and

(3) Defendant Cook's Motion to Dismiss for failure to state a claim is hereby **GRANTED.**

**SO ORDERED.**

Signed: January 23, 2018

Graham C. Mullen
United States District Judge