IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:17-cv-394

| | |
|---|---|
| WILLIAM WRENWICK,<br><br>Plaintiff,<br><br>v.<br><br>BERRY GLOBAL FILMS, LLC.,<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on the Motion to Dismiss (Doc. No. 13) filed by Defendant Berry Global Films, LLC. Plaintiff William Wrenwick has responded, and Defendant has filed a reply. Plaintiff filed a surreply in this matter on May 8, 2018, without leave of the Court. Defendant has also moved to strike this surreply, and Plaintiff had an opportunity to respond. This matter is now ripe for adjudication.

## I. BACKGROUND

Plaintiff William Wrenwick ("Wrenwick") was employed as a truck driver by Defendant Berry Global Films, LLC ("Berry Global Films"). Wrenwick was terminated on March 9, 2017, after a conversation with Defendant Craig Cook ("Cook"), an HR Manager for Berry Global Films.

Wrenwick filed a Charge of Discrimination with the EEOC on April 19, 2017, alleging that he was fired out of retaliation in violation of Title VII of the Civil Rights Act of 1964. The EEOC issued a Dismissal and Notice of Rights to Wrenwick on April 21, 2017.

Wrenwick, acting *pro se*, subsequently brought this action against Cook and Berry Global Films, alleging that he was terminated from his position out of retaliation. In his initial

1

Complaint, Wrenwick mislabeled Berry Global Films as "Berry Plastics/ A.E.P. Industrial, a/k/a Berry Plastics Global Group, Inc./ A.E.P. Industries, Inc." Berry Global Films and Cook jointly filed a motion to dismiss the original Complaint. On January 23, 2018, this Court granted in part and denied in part that motion, dismissing all claims against Cook but quashing the service of process on Berry Global Films. The Court allowed Wrenwick twenty-one days to amend his Complaint, file a new summons, and properly serve Berry Global Films.

Wrenwick filed his Amended Complaint on February 15, 2018, correctly identifying Berry Global Films. Berry Global Films again moves to dismiss the Amended Complaint for lack of personal jurisdiction because Wrenwick's summons and service of process were defective. Berry Global Films also moves to dismiss the Amended Complaint for failure to state a claim.

## II. STANDARD OF REVIEW

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006).

When faced with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all well-pleaded allegations and . . . view the complaint

2

in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court "assume[s] the[] veracity" of these factual allegations, and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000). Thus, to survive a motion to dismiss, the plaintiff must include within his complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. DISCUSSION

#### A. Motion to Strike

Wrenwick filed a surreply in this matter, labeled "Continuing Original Brief," on May 8, 2018. A surreply is not allowed by the Local Civil Rules absent leave of the Court. Wrenwick did not request leave of the Court to file a surreply more than a month after the close of the briefing schedule in this matter, nor does Wrenwick offer any rationale for his additional late filing. And finally, Berry Global Films does not raise any new arguments in its reply brief that would warrant a surreply in this matter.

Accordingly, the Court will strike Wrenwick's surreply.

#### B. Adequacy of Summons and Service

Berry Global Films first moves to dismiss under Rules 12(b)(2), 12(b)(4), and 12(b)(5). Berry Global Films argues that Wrenwick's summons is deficient and that he failed to properly serve Berry Global Films, and accordingly this Court lacks personal jurisdiction over Berry Global Films.

3

First, Berry Global Films argues that the summons was deficient for failing to identify one of its agents that would be qualified to accept service. However, Fed. R. Civ. P. 4(a)(1) does not require the summons to contain the name of an agent qualified to accept service. Rather, it only requires that the summons be "directed to the defendants." *Id.* Wrenwick correctly provided the name and an address of Berry Global Films on the summons.

Second, Berry Global Films argues that service of process was deficient because Wrenwick did not serve the summons and complaint on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," as required by Fed. R. Civ. P. 4(h). Wrenwick sent the summons and Amended Complaint via certified mail, return receipt requested, to "Berry Global Films, LLC, Attn: Office Manager, 2626 Glenwood Ave., Suite 550, Raleigh, NC 27608." This address is listed as the North Carolina Registered Office for Berry Global Films. The certified mail was signed for by H. Hughes. Wrenwick also sent the Amended Complaint via certified mail, return receipt requested, to Travis W. Vance, Berry Global Films' attorney of record in this matter.

Berry Global Films argues that the office manager in its Raleigh office, H. Hughes, and Travis Vance are not officers, directors, or agents authorized by law to accept service of process for the corporation. However, it is clear that Wrenwick attempted in good faith to properly serve Berry Global Films, and it is clear that Berry Global Films has received actual notice of the lawsuit.

The Fourth Circuit has held that where actual notice is received the provisions of Rule 4 "should be liberally construed to effectuate service and uphold the jurisdiction of the court." *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *see also Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) (holding that the rules are entitled

4

to liberal construction when the defendant has actual notice). Other courts in this circuit have accordingly excused inadequate service of process, especially involving *pro se* litigants, in similar circumstances. *See, e.g.*, *MJL Enters., LLC v. Laurel Gardens, LLC*, No. 2:15cv100, 2015 WL 6443088, at *5 (E.D. Va. Oct. 23, 2015) (declining to dismiss when service did not follow statute but was received by an employee and an attorney of defendant and defendant received actual notice); *Miller v. Balt. City Bd. of School Comm'rs*, 833 F. Supp. 2d 513, 519 (D. Md. 2011) (declining to dismiss when service was not in accordance with statute but defendant received actual notice and was not prejudiced by maintenance of the suit); *Maid to Perfection Global, Inc. v. Ensor*, No. RDB-09-cv-958, 2010 WL 1254194, at *3 (D. Md. 2010) ("Given Plaintiff's repeated attempts to serve process and Defendant['s] actual notice of the summons and complaint, this Court declines to invalidate service of process in this case.").

Accordingly, the Court declines to invalidate service of process in this case.

### C. Adequacy of the Complaint

Wrenwick claims that Berry Global Films terminated him out of retaliation in violation of Title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination against an employee because, in relevant part, he "has opposed any practice made an unlawful employment practice by this subchapter, or because he made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3. A prima facie case of retaliation under Title VII and Section 1981 requires a showing: "(1) that [he] engaged in a protected activity, (2) that [his] employer took an adverse employment action against [him], and (3) that there was a causal link between the two events." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (citations omitted).

Wrenwick's Amended Complaint does allege that Berry Global Films took an adverse employment action against him by terminating him on March 9, 2017. However, the Amended Complaint does not allege that Wrenwick engaged in any protected activity under Title VII, nor does it allege any facts supporting a causal link between a protected activity and his termination. Rather, the Amended Complaint merely alleges the following regarding his employment with Berry Global Films: (1) that Wrenwick was hired by Berry Global Films shortly after meeting with Cook and completing a drug test in September 2015; (2) that in 2016 Wrenwick requested vacation time off from Cook "a few months in advance" but was denied because vacation requests were supposed to go through Transportation Manager Roger Whitus instead; (3) that Wrenwick received a letter from Whitus about a safety policy incident in Matthews, North Carolina, dated February 27, 2017; and (4) that Wrenwick was terminated on March 9, 2017. Wrenwick then alleges that he applied for unemployment benefits and was denied on April 1, 2017. Although he makes factual allegations regarding the procedure of his appeal from the denial of employment benefits, he makes no further factual claims about Berry Global Films.

Assuming the facts in the Amended Complaint to be true, the Court finds that Wrenwick has failed to allege a plausible claim of retaliation under Title VII against Berry Global Films.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that the Motion to Strike (Doc. No. 19) is **GRANTED**, and the Motion to Dismiss (Doc. No. 13) is **GRANTED**. Plaintiff's surreply (Doc. No. 18) is **STRICKEN**, and all claims are hereby **DISMISSED** pursuant to Rule 12(b)(6). The Clerk is directed to close this case.

**SO ORDERED.**

Signed: July 31, 2018

Graham C. Mullen
United States District Judge